610 So.2d 725 (1992)
CLAUDE NOLAN CADILLAC, INC., Appellant,
v.
Irvin L. GRIFFIN, Appellee.
No. 90-3572.
District Court of Appeal of Florida, First District.
December 29, 1992.
Rehearing Denied February 5, 1993.
William G. Cooper and J. Thomas McKeel of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellant.
William H. Folsom, Jr., P.A., Jacksonville, for appellee.
WOLF, Judge.
Claude Nolan Cadillac, Inc., appeals from a final judgment assessing damages against appellant as a result of jury verdicts as to counts concerning revocation of acceptance, breach of warranty, violation of the Magnuson-Moss Federal Warranty Improvement Act, and violation of the State of Florida Deceptive and Unfair Trade Practices Act. Appellant raises several issues on appeal, only two of which need to be addressed herein: (1) Whether the trial court erred in not granting Claude Nolan Cadillac's motion for summary judgment, directed verdict, or judgment notwithstanding the verdict as to the revocation of acceptance, breach of warranty, and violation of the Magnuson-Moss Federal Warranty Improvement Act; and (2) whether there was competent substantial evidence to support the jury's verdict finding that Claude Nolan Cadillac violated Florida's Deceptive and Unfair Trade Practice Act.
The material facts of this case related to the revocation of acceptance, breach of warranty, and violation of the Magnuson-Moss Act counts are indistinguishable from the factual scenario in Frank Griffin Volkswagen, Inc. v. Smith, 610 So.2d 597 (Fla. 1st DCA 1992). Based upon the rationale in Frank Griffin Volkswagen, Inc., we reverse the trial court's denial of the appellant's motion for a judgment notwithstanding the verdict as to those counts. The appellee may properly pursue those *726 counts as to the manufacturer rather than the dealer.
Unlike Frank Griffin Volkswagen, however, there are allegations and some evidence to support a claim for a violation of Florida's Deceptive and Unfair Trade Practices Act, which is independent of any alleged breach of warranty. There was evidence presented by at least two experts that the paint repairs performed by appellant were not done in accordance with industry standards. Rule 2-19.004(7), Florida Administrative Code, states that it shall be an unfair or deceptive act or practice for a motor vehicle repair shop to "make any departure from or disregard accepted trade standards for goods and workmanlike repair in any material respect."
We, therefore, affirm that portion of the judgment which awards damages for commission of a deceptive trade practice.
SHIVERS, J., and CAWTHON, VICTOR M., Senior Judge, concur.