884 So.2d 241 (2004)
Anthony E. GRIFFIS and Cynthia Steedley Griffis, Appellants,
v.
LEISURE TYME RV, INC., a corporation; Ron Diemer; Liberty Mutual Insurance Company, a corporation; Commonwealth Bank, a corporation; Newmar Corporation, a corporation; Hartford Accident and Indemnity Company, a corporation, Appellees.
No. 1D02-4387.
District Court of Appeal of Florida, First District.
August 10, 2004.
Rehearing Denied October 18, 2004.
Anthony E. Griffis, Ridgeland, SC, for Appellants.
Fred Tromberg, James A. Kowalski, Jr., and Adam J. Kohl of the Law Offices of Tromberg & Kowalski, Jacksonville, for Appellee Commonwealth Bank. Kimberly A. Ashby of Akerman Senterfitt, Orlando, and W. Scott Powell of Roth, Powell & Pearson, P.A., Winter Park, for Appellees Newmar Corporation and Hartford Accident and Indemnity Company.
Harry E. Barr and Leslie D. Sheekley of Chesser & Barr, P.A., Shalimar, for Appellees *242 Leisure Tyme, Ron Diemer, and Liberty Mutual Insurance Company.
PER CURIAM.
This is an appeal from a final judgment for the defendants in a civil action arising from the purchase of a recreational vehicle that was alleged to be defective. The trial court dismissed some of the plaintiffs' claims with prejudice and granted summary judgment for the defendants on others. For the reasons that follow, we reverse in part and affirm in part.
The plaintiffs, Anthony and Cynthia Griffis, bought a motor home on June 24, 1999, from Leisure Tyme RV, Inc., a dealer in Pensacola. The purchase agreement provided that the dealer "makes no warranties whatsoever" and "expressly disclaims any implied warranties, including the implied warranties of merchantability or fitness for use." A few hours after the parties had completed paperwork for the sale, Leisure Tyme presented Mr. Griffis with a "pre-delivery inspection" form (PDI), for which Mr. Griffis paid Leisure Tyme $295.00. Both parties signed the form, which broadly states, "The selling dealer will inspect, correct and adjust as necessary, the following items with the new owner immediately prior to delivery." (emphasis added). All of the specified items included within the product conveyed were checked on the form, including the electrical, water, plumbing, exterior, and running gear.
Following a series of problems with the motor home, the plaintiffs filed a civil complaint against the dealer, Leisure Tyme, its salesman, Ron Diemer, and its bonding company, Liberty Mutual Insurance Company (collectively "Leisure Tyme"); the manufacturer, Newmar Corporation, and its bonding company, Hartford Accident & Indemnity Company (collectively "Newmar"); and Commonwealth Bank, the financier. The plaintiffs also sued the manufacturers of various parts and equipment. Those claims were settled and dismissed and are not part of the present appeal.
The complaint alleged breach of express warranty against Leisure Tyme and Commonwealth Bank (count I); violations of the Magnuson-Moss Warranty Act against Leisure Tyme, Newmar and Commonwealth Bank (count II); violation of statutory warranty under section 320.835, Florida Statutes (1997) against Leisure Tyme, Newmar and Commonwealth Bank (count III); violations of section 501.204, Florida Statutes (1997), the Florida Deceptive and Unfair Trade Practices Act, against Leisure Tyme and Commonwealth Bank (count IV); fraud and concealment against Leisure Tyme, Newmar and Commonwealth Bank (count V); and revocation of acceptance against Leisure Tyme, Newmar and Commonwealth Bank (count VI).
Newmar moved to dismiss the express warranty and revocation of acceptance claims, and the trial court granted the motion with prejudice. By a separate order the trial court granted a motion to strike the plaintiffs' motion to compel arbitration of the lemon law claims. The complaint was later amended to add a lemon law claim against Newmar. Subsequently, the trial court granted a summary judgment for the defendants on all of the pending claims.
We conclude that the trial court erred in granting summary judgment for Leisure Tyme on the express warranty and revocation of acceptance claims. The language of the PDI, together with Leisure Tyme's subsequent efforts to make corrections or repairs to the motor home consistent with the PDI in the months following the sale, creates a genuine issue of material fact as to whether the dealer's representations on the PDI to make corrections were part of the basis of the parties' bargain, notwithstanding *243 the disclaimers that were made at or about the same time by the dealer. See §§ 672.313, 672.316(1), Fla. Stat. (1997). Leisure Tyme's subsequent attempt to repair the vehicle pursuant to the terms of the PDI raises an issue of fact whether the dealer intended to modify the general disclaimers it also made to the plaintiffs at the time of the sale.
If the evidence supports a finding that the PDI constituted an express warranty, the trial court would also need to determine whether the warranty failed of its essential purpose, so that the buyers would be entitled to invoke all other remedies available under the Uniform Commercial Code, including the remedy of revocation of acceptance as to Leisure Tyme.
Additionally, because there is a factual issue as to whether the PDI was part of the basis of the parties' bargain, there is an issue of whether it constituted a written warranty under the Magnuson-Moss Warranty Act. See 15 U.S.C. § 2301(6)(B). Accordingly, the order entering final summary judgment in favor of Leisure Tyme on this claim and the related implied warranty and Florida Deceptive Trade Practices Act claims is reversed.
We affirm the entry of summary judgment in favor of Newmar on the breach of express warranty and lemon law claims, and the order striking the plaintiffs' second request for arbitration under that program. We also affirm the dismissal with prejudice of the claims against manufacturer Newmar for breach of implied warranty under the Magnuson-Moss Warranty Act and for revocation of acceptance.
However, we reverse the dismissal of the breach of statutory warranty claim under section 320.835, Florida Statutes (1997), as to Newmar and the order granting summary judgment for Leisure Tyme on the statutory warranty claim. On this issue, the trial court erroneously found that section 320.835 was inapplicable. The language of section 320.835 is clear and applies to recreational vehicles. The order awarding attorney's fees and costs to Newmar based on the section 320.835 claim is also reversed.
In summary, we affirm all rulings as to Newmar except for the statutory warranty claim. As to Leisure Tyme, we reverse all orders entered in its favor, including attorney's fees and costs, except for the ruling on the fraud and concealment claim, which is affirmed. Because we reverse on these claims with respect to Leisure Tyme, we reverse the final summary judgment and award of attorney's fees and costs in favor of Commonwealth Bank, as its sole liability is derivative of and dependent upon a finding of liability as to Leisure Tyme. The order denying the plaintiffs' motion for further inspection and all other orders are affirmed.
Affirmed in part; reversed in part; remanded.
ERVIN and PADOVANO, JJ., concur.
WOLF, C.J., concurs with opinion.
WOLF, C.J., Concurring with opinion.
I write to note that this case may be distinguished from Claude Nolan Cadillac, Inc. v. Griffin, 610 So.2d 725 (Fla.App. 1st DCA 1993), and Frank Griffin Volkswagen, Inc. v. Smith, 610 So.2d 597 (Fla. 1st DCA 1992), based on the existence of the "pre-delivery inspection form" in this case. I would also note that in both Claude Nolan and Frank Griffin there were expressed warranties of the manufacturer which do not exist in this case. Thus, those cases are not dispositive as to the claims in the instant case against the manufacturer or the dealer.